UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL DE LA CRUZ and SERGIO DE LA CRUZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>SACRAMENTO POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. 2:24-cv-2001 DAD AC PS<br><br>ORDER |

Plaintiffs are proceeding in this action pro se. The case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff Crystal De La Cruz filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I.  SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The

1

Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.  The Complaint

Two plaintiffs are listed in the caption of this case: Crystal De La Cruz ("Crystal") and Sergio De La Cruz ("Sergio"). ECF No. 1 at 1. Only Crystal is listed as a plaintiff under "Parties" section of the form complaint (Id. at 2), and only Crystal signed the complaint (Id. at 6). It is unclear from the contents of the complaint which plaintiff is making the allegations, as it is written in the singular first person, though context indicates the author is Crystal. Plaintiffs allege that defendant police officers participated in or led a warrantless unlawful search and seizure without probable cause, including searching a personal Facebook profile. Id. at 8. There was also a separate incident in which officers detained the plaintiffs' son and confiscated his cellphone. Id. Plaintiffs allege that the "Sacramento Police Department and its employees have been harassing me and illegally participating in several unlawful acts on separate occasions" including unlawful search and seizure, and detaining plaintiffs' father and son. Id. at 9. Plaintiffs seek injunctive relief including changing the way the Sacramento Police Department operates as a whole, and punitive damages. Id. at 10.

C.  Analysis

There are several problems with the complaint that prevent service at this time. First, the complaint does not contain a "short and plain" statement setting forth plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3). Rule 8 of the Federal Rules of Civil Procedure requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795,

3

798 (9th Cir.1991). The exact nature of what happened to plaintiffs is unclear from the complaint, which contains disconnected events and circumstances that happened over a period of time. The court cannot tell from examining the complaint what legal wrong was done to each plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiffs seek.

Second, Sergio is not a proper plaintiff in this case because he did not sign the complaint, and he has also not applied for IFP status or paid the filing fee. Each pro se plaintiff must represent themselves, sign the pleadings themselves on their own behalf, and submit their own applications to proceed in forma pauperis (or pay the filing fee). Fed. R. Civ. P. 11; Local Rule 131. Plaintiffs are advised that to continue with both plaintiffs, each named plaintiff must sign the complaint on behalf of themselves if they wish to proceed pro se in this action or must have a licensed attorney that represents them in the action sign and submit any filings. See L.R. 131; Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

Third, it appears plaintiffs seek to represent other individuals in this case or bring claims on their behalf, which cannot be done by a pro se plaintiff. For example, an incident involving plaintiffs' son was mentioned in the complaint. As a pro se litigant, a plaintiff can represent only themselves. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."). This is true even with respect to parents and their children: a parent appearing in pro se cannot bring claims on behalf of their minor child. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("we hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."). A plaintiff can only bring a lawsuit seeking relief for things that happened to him or her personally.

Rather than recommending dismissal of the action, the undersigned will provide plaintiffs an opportunity to amend their complaint.

## II. AMENDING THE COMPLAINT

If plaintiffs choose to amend the complaint, the amended complaint must contain a short and plain statement of plaintiffs' claims, explaining exactly what happened to who, and when.

The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiffs must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what."  Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiffs' amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

////

1  original complaint, each claim and the involvement of each defendant must be sufficiently
2  alleged.
3      Finally, the amended complaint must be signed by each plaintiff, and each plaintiff must
4  either seek IFP status or pay the filing fee.  Plaintiff Crystal is granted IFP status in this order, and
5  does not need to apply again, but plaintiff Sergio must either apply for IFP status or pay the filing
6  fee.  Further, the complaint should allege only violations of law that are specific to each plaintiff;
7  plaintiffs can only represent themselves.

## III.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court.  The court cannot tell from your complaint what legal harm was done to each of you personally.  Because the complaint as written does not tell the court what happened to each plaintiff and specify the time and defendant involved, it will not be served on defendants.  Also, only plaintiff Crystal signed the complaint and was granted IFP status.  Unless Sergio signs the amended complaint and pays the filing fee or seeks IFP status, Sergio cannot be a plaintiff.  Finally, you can only bring a lawsuit based on things that violated your own legal rights, not things that happened to other people including family members.  Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint.  If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted each plaintiff.  Without this information, the court cannot tell what legal claims you are trying to bring against the defendants.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Crystal De La Cruz's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

////

////

2. Plaintiffs shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above. If plaintiffs fail to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: October 28, 2024

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE