UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL DE LA CRUZ,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO POLICE DEPARTMENT, et al.,<br><br>Defendants. | No. 2:24-cv-2001 DAD AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. The case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff Crystal De La Cruz previously filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion was granted, but the initial complaint was rejected with leave to amend pursuant to the screening process discussed below. Now before the court for screening is plaintiff's First Amended Complaint. ECF No. 5.

I. SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

   B.  The Initial Complaint and the First Amended Complaint

The initial complaint listed two plaintiffs in the caption: Crystal De La Cruz ("Crystal") and Sergio De La Cruz ("Sergio"). ECF No. 1 at 1. Only Crystal was listed as a plaintiff under "Parties" section of the form complaint, and only Crystal signed the complaint. Id. at 2, 6. The initial complaint alleged that defendant police officers participated in or led a warrantless unlawful search and seizure without probable cause, including searching a personal Facebook profile. Id. at 8. There was also a separate incident in which officers detained the plaintiffs' son and confiscated his cellphone. Id. Plaintiffs alleged that the "Sacramento Police Department and its employees have been harassing me and illegally participating in several unlawful acts on separate occasions" including unlawful search and seizure, and detaining plaintiffs' father and son. Id. at 9. Plaintiffs sought injunctive relief including changing the way the Sacramento Police Department operates as a whole, and punitive damages. Id. at 10.

In the screening order for the initial complaint, the court identified several defects. First, the court explained that the complaint did not contain a "short and plain" statement setting forth plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3). Rule 8 of the Federal Rules of Civil Procedure requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). Second, the court explained that Sergio was not a proper plaintiff in this case because he did not sign the complaint, and he had not applied for IFP status

3

or paid the filing fee. The court explained that each pro se plaintiff must represent themselves, sign the pleadings themselves on their own behalf, and submit their own applications to proceed in forma pauperis (or pay the filing fee). Fed. R. Civ. P. 11; Local Rule 131. Third, the court explained that plaintiff could not bring claims on behalf of others because as a pro se litigant, a plaintiff can represent only themself. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."). Plaintiffs were given leave to file a First Amended Complaint that resolved the identified problems.

The First Amended Complaint ("FAC") was filed on behalf of plaintiff Crystal De La Cruz only. ECF No. 5 at 1. The FAC lists only the "Sacrament Police Department" in the caption as the defendant, but in the body of the FAC four officers are listed. ECF No. 5 at 1-2. The FAC alleges that officers entered her home on September 23, 2021 "under the pretense of conducting a routine probation search. Under their authority as law enforcement officers the defendants conducted an unlawful search of plaintiff's home, phone, vehicle and social media account[.]" Id. at 2. Plaintiff alleges that the search violated her Fourth Amendment right against unreasonable search and seizure. Id. Plaintiff alleges the officers did not present a warrant and entered without consent. ECF No. 5 at 4.

### C. The First Amended Complaint Cannot be Served

The First Amended Complaint resolved some of the problems with the initial complaint. Most notably, the FAC is brought only by Crystal De La Cruz, on behalf of only herself. Further, plaintiff provided more detail on the incident giving rise to the complaint, including the date of the incident. ECF No. 5 at 1. However, there are some remining problems that prevent the court from serving the FAC.

#### 1. The Identity of and Allegations Against Defendants are Unclear

First, it is unclear who the intended defendants are, and what the allegations are against each defendant. In the caption of the FAC, plaintiff lists only "Sacramento Police Department." ECF No. 5 at 1. However, under "Parties" plaintiff does not list the Sacramento Police Department, but she does list four officers by name: Officer Nangle, Officer Stackhouse, Officer

1  Lyons, and Officer Franzen. ECF No. 5 at 2-4. The allegations against each officer are identical
2  and generalized, alleging that each of them participated in the unlawful search. First, it is unclear
3  to the court whether plaintiff intends to sue the officers and the Sacramento Police Department or
4  only the officers. Second, the allegations against each officer are identical and non-specific. The
5  allegations are too generalized to satisfy Fed. R. Civ. P. 8. As written, it is not sufficiently clear
6  what plaintiff's allegations against each defendant are.

       2.   <u>The Allegations Do Not State a Claim for a Fourth Amendment Violation</u>

8       The factual allegations of the First Amended Complaint are insufficient to plead a Fourth
9  Amendment violation. Plaintiff alleges that the residential search was warrantless but that the
10 officers "claimed to be conducting a routine probation search." ECF No. 5 at 4. Plaintiff
11 describes the assertion of a probation search as "pretense." <u>Id.</u> at 2. However, the complaint does
12 not state whether or not a resident of the home was in fact on probation at the time, the nature of
13 the conviction underlying the term of probation, the language of the applicable search condition,
14 or what specific actions of the officers exceeded the permissible scope of a probation search.
15 Without such facts, plaintiff has not stated a claim upon which relief could be granted. <u>See</u>
16 <u>United States v. Lara</u>, 815 F.3d 605 (9th Cir. 2016) (addressing factors applicable to Fourth
17 Amendment analysis of probation searches); <u>see also</u> <u>United States v. Knights</u>, 534 U.S. 112
18 (2001) (Fourth Amendment not violated by warrantless investigatory search authorized by
19 condition of probation).

       3.   <u>The Statute of Limitations Appears to Have Passed</u>

21     Another problem preventing service is that it appears on the face of the complaint that this
22 case was filed beyond the statute of limitations. Plaintiff's constitutional claim is potentially
23 cognizable under 42 U.S.C. § 1983, a statute that allows individuals to sue state and local
24 government for violations of constitutional rights. A "statute of limitations" is a legal rule that
25 sets a time limit for bringing a lawsuit. "[E]quitable tolling is a doctrine that pauses the running
26 of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some
27 extraordinary circumstance prevents him from bringing a timely action." <u>Bent v. Garland</u>, 115
28 F.4th 934, 941 (9th Cir. 2024) (cleaned up). Failure to comply with the applicable statute of

limitations may be grounds for dismissal at the screening phase if it is evident from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993).

Section 1983 does not have its own statute of limitations, so the court applies California's statute of limitations for personal injury actions. See Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) ("Without a federal limitations period, the federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."). California's statute of limitations for personal injury actions requires that a claim be asserted within two years of its accrual. Butler, 766 F.3d at 1198 (citing Cal. Code Civ. Proc. § 335.1). The court applies "the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Code Civ. Proc. § 335.1).

Here, plaintiff alleges that her property was illegally searched in violation of the Fourth Amendment on September 23, 2021. Even looking back to the original complaint, she did not file this case until July 23, 2024, well over two years after the incident occurred. ECF No. 1. Plaintiff does not provide any basis for equitable tolling. Accordingly, unless plaintiff can provide information showing that the statute of limitations is subject to equitable tolling, it appears to the court that this case must be dismissed as untimely under the applicable statute of limitations.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the second amended complaint must contain a short and plain statement of plaintiffs' claims, explaining exactly what happened to who, and when. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are

available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiffs must avoid excessive repetition of the same allegations. The second amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The second amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The second amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the second amended complaint must not refer to a prior pleading in order to make it complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, the second amended complaint should present any available facts related to equitable tolling of the statute of limitations.

### III. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. Importantly, it appears that the time limit to file this case has passed, and you did not provide any information about why that time limit should be extended. Further, it is not clear who the defendants are because you named only the Police Department in the caption, but only officers in the body of the complaint. You also did not give enough information about what the defendants did that you believe violated your rights.

You are being given 30 days to submit a Second Amended Complaint. If you submit a

Second Amended Complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you.  It needs to explain why the statute of limitations does not prevent you from bringing this lawsuit.  It also needs to clearly state who the defendants are.  If you do not submit the Second Amended Complaint by the deadline, the undersigned will recommend that the case be dismissed.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff shall have 30 days from the date of this order to file a Second Amended Complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED:  April 3, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE