UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL DE LA CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>JONATHON NANGLE; JASON LYONS; RYAN FRANZEN; SACRAMENTO POLICE DEPARTMENT; CITY OF SACRAMENTO; and DOES 1 through 25, inclusive,<br><br>Defendants. | No. 2:24-cv-2001 DAD AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se; pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff applied to proceed in forma pauperis ("IFP"), and defendants were served with plaintiff's operative Second Amended Complaint following the screening process associated with IFP status. ECF No. 7. Defendants filed a motion to dismiss this case as untimely. ECF No. 12. Plaintiff opposed the motion. ECF No. 16. Defendants did not reply. For the reasons set forth below, the undersigned recommends defendants' motion to dismiss be GRANTED and that this case be closed.

**I. Background**

A. <u>The Second Amended Complaint</u>

Plaintiff brings a civil rights action that "arises from an unlawful and traumatic incursion

1

by Sacramento Police Department officers" into plaintiff's home on September 23, 2021. ECF No. 7 at 1. Plaintiff sues for various violations of the constitution under 42 U.S.C. § 1983 and §1985 (ECF No. 7 at 15-24, 27-43) and for violations of the Stored Communications Act, 18 U.S.C. §2701 (ECF No. 7 at 24- 27). The initial complaint was filed on July 23, 2024. ECF No. 1. The operative Second Amended Complaint was filed on August 8, 2025. ECF No. 12. It directly addresses the timeliness of plaintiff's claims.

Plaintiff asserts that the Second Amended Complaint, "though filed after the passage of what might ordinarily be the statute of limitations for the 42 U.S.C. §1983 claims (two years in California) or the Stored Communications Act claim (two years under 18 U.S.C. § 2707(f)), should be deemed timely." Id. at 15. In the complaint, plaintiff states that she "diligently pursued her rights in the aftermath of the incident but faced certain delays that warrant tolling." Id. at 14. Plaintiff alleges that she had difficulty identifying the officers who violated her rights because the defendants misrepresented who they were and did not provide their names. Id. Plaintiff asserts she timely filed her original complaint naming Doe defendants, and later properly sought leave to amend to name the officers. Id. Further, plaintiff asserts that the applicable statutes of limitations were tolled because of court closures related to the COVID-19 pandemic in 2021 and 2022, and because even though she was not charged with any crime, to the extent any investigation was pending, California Government Code § 945.3 tolls the limitations period for civil actions against police during the pendency of related criminal charges. Id. at 15.

B. Motion to Dismiss

Defendants move to dismiss solely on statute of limitations grounds, asserting that "to be considered timely and within the statute of limitations, the initial complaint had to be filed no later than September 21, 2023 (two years after the alleged date that Plaintiff incurred damage). It was not filed until July 23, 2024, and is therefore time-barred." ECF No. 12-1 at 3.[1]

---

[1] Defendants' argument regarding untimeliness is a scant three paragraphs long. Id. at 2-3. It contains six sentences, no citations to caselaw, and almost no substantive analysis of the issues addressed herein. Id. In the interest of judicial economy and because the required outcome is plain, the motion is being entertained. However, the court notes for the benefit of defense counsel's future filings that this type of perfunctory effort is unacceptable for federal court practice.

## II. Analysis

### A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

3

Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

  B. This Case is Time-Barred

    1. Overview

In her response to the motion to dismiss, plaintiff does not dispute that all of the events underlying this lawsuit occurred on September 21, 2021, or that applicable statute of limitations for each of her claims has run. ECF No. 16 at 6. Instead, she argues that "this case presents extraordinary circumstances that compel equitable tolling and estoppel." Id. Plaintiff provides three reasons why she believes the statute of limitations on her claims has been equitably tolled: (1) at the time of the incident, plaintiff did not know the names of the officers involved and the Sacramento Police Department deliberately failed to track the officers' identity as part of a greater scheme of concealment and bad-faith obstruction; (2) plaintiff pursued her remedies in good faith and with diligence, including by filing formal internal complaints with the Sacramento Police Department and other entities, reasonably believing that those complaints would be "handled through the City's official channels[;]" and (3) this case presents a matter of public concern and accordingly should be heard notwithstanding its untimeliness. ECF No. 16 at 6-7. In her briefing and in the Second Amended Complaint itself, plaintiff also invokes the concepts of statutory tolling and relation back.

    2. Applicable Statutes of Limitations

In cases brought under 42 U.S.C.§ 1983, federal courts look to the limitations and tolling rules of the forum state. Hardin v. Straub, 490 U.S. 536, 538 (1989); TwoRivers v. Lewis, 174

4

1  F.3d 987, 991 (9th Cir. 1999).  Federal courts in California borrow the state's personal injury

2  limitations period for analogous § 1983 claims.  Pouncil v. Tilton, 704 F.3d 568, 573 (9th Cir.

3  2012).  That period is two years.  See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370

4  F.3d 945, 954-55 (9th Cir. 2004).  A claim under §1983 claim accrues, for the purposes of the

5  starting of the running of the limitations period, when the plaintiff "knows or has reason to know

6  of the injury that is the basis of the action."  Belanus v. Clark, 796 F.3d 1021, 1025 (9th Cir.

7  2015).  Claims brought pursuant to 42 U.S.C. § 1985 are subject to the same statute of limitations

8  rules as claims brought pursuant to § 1983.  McDougal v. County of Imperial, 942 F.2d 668, 673

9  (9th Cir. 1991)

10        Plaintiff also asserts a civil claim under the Stored Communications Act.  ECF No. 7 at

11  24.  The statute of limitations for such claims is set by statute at two years. 18 U.S.C. § 2707(f)

12  (setting a limitations period of "two years after the date upon which the claimant first discovered

13  or had a reasonable opportunity to discover the violation"); Calhoun v. Google LLC, 526 F. Supp.

14  3d 605, 624 (N.D. Cal. 2021).

15        In this case it is clear, and plaintiff does not dispute, that her claims accrued on September

16  21, 2023.  Accordingly, as plaintiff correctly acknowledges, each claim in the Second Amended

17  Complaint is time-barred unless some exception to the limitations periods applies.

18        3.   Equitable Tolling

19        Plaintiff's primary argument is that equitable tolling applies to her claims.  Equitable

20  tolling, which defeats a time-bar under certain circumstances, is available only in "extreme cases

21  and gives the court latitude in a case-by-case analysis."  Scholar v. Pac. Bell, 963 F.2d 264, 267-

22  68 (9th Cir. 1992).  To trigger equitable tolling, a plaintiff must show (1) "timely notice" of the

23  claim to the defendant; (2) "lack of prejudice" to the defendant; and (3) "reasonable and good

24  faith conduct on the part of the plaintiff."  McDonald v. Antelope Valley Cmty. Coll. Dist., 45

25  Cal. 4th 88, 102, (2008); see also Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1204

26  (9th Cir. 2014).

27        Plaintiff does not satisfy this standard.  The initial complaint in this case was filed on July

28  23, 2024, nearly ten months after the statute of limitations had run.  This timing does not indicate

reasonable diligence in filing suit. As to plaintiff's argument that she delayed filing because she was unable to identify the involved officers, "the availability of equitable tolling turns on whether the plaintiff was aware of the existence of a possible claim, not on whether the plaintiff has identified the defendants. Plaintiffs have the option of bringing suit against Doe defendants." Alaniz v. Enterline, No. 18-CV-05788-HSG, 2020 WL 230893, at *7, 2020 U.S. Dist. LEXIS 7047, *14 (N.D. Cal. Jan. 15, 2020); see also Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (Cal. 2005) (delayed discovery exception to claim accrual rule postpones accrual of a cause of action until plaintiff discovers or has reason to discover, the cause of action; this rule does not apply where plaintiff is uncertain about defendant's identity because identity of defendant is not element of cause of action).

Plaintiff contends further that she relied in good faith on complaints she filed with the police department and other entities, and that she relied on their internal processes, but this argument is unavailing. Though a limitations period may be tolled by the filing of a "separate, *formal legal action*, usually before a formally constituted agency authorized to adjudicate claims and provide a remedy," California law is clear that simply filing complaints with an agency has no tolling effect. Stone v. City & County of San Francisco, 735 F. Supp. 340, 343 (N.D. Cal. 1990) (emphasis original). Plaintiff's complaints to the police department were not a prerequisite to filing suit in federal court, nor were they part of any formal legal process. Such complaints, as a matter of law, do not toll the statute of limitations.

Finally, plaintiff's claim that this case must be heard in the public interest does not weigh in the tolling analysis. Statutes of limitations operate independently of the seriousness of the claims. Even the most meritorious claims will be barred if they are untimely brought. The court recognizes this may seem a harsh and inflexible result, but it is required by the statute of limitations, which exists to provide finality to litigation and prevent stale lawsuits:

> [A] statute of limitations. . . operates conclusively across-the-board. It does so with respect to all causes of action, both those that do not have merit and also those that do. That it may bar meritorious causes of action as well as unmeritorious ones is the price of the orderly and timely processing of litigation — a price that may be high, but one that must nevertheless be paid.

1  Norgart v. Upjohn, 21 Cal. 4th 383, 410 (1999) (internal quotation marks and citations omitted).

       4.   Equitable Estoppel

To the extent plaintiff asserts that equitable estoppel prevents application of the time bar, the court is unpersuaded. Equitable estoppel "halts the statute of limitations when there is active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir.2006) (internal citations omitted). Plaintiff alleges that defendants actively concealed and/or failed to report the officers' identities so she could not file suit earlier, but as discussed above, plaintiff could have filed suit against the City and Police Department earlier, without knowing the particular identifies of the officers but naming them as Doe defendants. All other alleged wrongdoing is not "above and beyond the wrongdoing upon which the plaintiff's claim is filed" and accordingly does not support equitable estoppel. Id., see also Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1046 (9th Cir. 2011).

       5.   Statutory Tolling

The Second Amended Complaint invokes Cal. Gov't Code § 945.3, which provides for tolling for the time criminal charges are pending until the date of conviction and judgment, as a basis for tolling. ECF No. 7 at 15; Cal. Gov't Code § 945.3. This provision does not apply to plaintiff's case because, as plaintiff acknowledges, she was never charged with a crime. This statute is thus inapplicable to the facts of plaintiff's case.

       6.   Relation Back

Plaintiff's complaint and her opposition to defendants' motion both reference the relation-back doctrine. ECF No. 16 at 4. "An otherwise time-barred claim in an amended pleading is deemed timely if it relates back to the date of a *timely original pleading*." ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) (emphasis added). The relation-back doctrine is inapplicable to this case, because the original complaint was filed on July 23, 2024, after the statute of limitations had already expired. ECF No. 1. Accordingly, there are no timely-filed claims to which the Second Amended Complaint could relate back.

Although plaintiff asserts that she timely filed her original complaint naming Doe

defendants, and later properly sought leave to amend to name the officers, this is clearly untrue: the initial complaint is visible on the docket.  ECF No. 1.[2]  It was filed after the statute of limitations had already run, and it named officers Frazen, Lyons, Stackhouse, and Nangle.  Id.  Accordingly, the concept of relation back is inapplicable to the circumstances of this case. Because no intervening facts or legal doctrines operate to suspend the operative statutes of limitations, this case is time barred in its entirety.

### III.  Leave to Amend Is Not Appropriate

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). Here, it is clear that the untimeliness of this cannot be cured by amendment.  Accordingly, further leave to amend is not recommended.

### IV.  Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that this case be dismissed because it is barred by the statute of limitations.  The circumstances do not qualify for equitable estoppel.  The concepts of statutory tolling and relation back do not apply to the facts of this case.  You may object to this recommendation by filing your objections within 21 days.  The district judge will make the final decision.

### V.  Conclusion

For the reasons stated above, the undersigned RECOMMENDS that defendants' motion to dismiss (ECF No. 12) be GRANTED, that the operative Second Amended Complaint be dismissed, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

---

[2] Plaintiff has filed no previous cases in this court.

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 25, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE